MARSHMAN and wife *vs.* CONKLIN and others.

1. A promise to execute a deed or writing in the nature of a declaration of trust of lands, cannot be proved by parol.

2. A party can have relief, if at all, only on the case made by his bill. Evidence relative to matters not stated in the pleading, nor fairly within its general allegation, is impertinent, and connot be made the foundation of a decree.

3. A failure or refusal by a grantee of lands to execute a declaration of trust therefor in accordance with an alleged promise so to do, does not, of itself, amount to what is meant in law by fraud, imposition, unconscionable advantage, or undue influence.

---

This was an appeal from a decree dismissing complainants' bill.

*Mr. C. Parker,* for appellants.

*Mr. I. W. Scudder,* for respondents.

The opinion of the court was delivered by

DALRIMPLE, J.

The complainants' bill sets up a trust of certain lands or undivided interest therein, conveyed by complainants, who are husband and wife, to the defendant Conklin. The con-

veyance is absolute upon its face, and the trust is sought to be established by parol. The relief prayed is a reconveyance by the defendant Conklin, subject to first liens, of all the lands which remain unsold, and an account of the proceeds of sale of certain parts of the lands which have been sold by Conklin at auction. The answer denies the trust, and in substance avers that the conveyance was absolute and unconditional, and upon good and sufficient consideration. The consideration paid, or agreed to be paid, is shown, and the circumstances under which the conveyance was made are minutely detailed.

It is enacted by the statute of frauds (*Nix. Dig.,* 358, § 11,) that all declarations or creations of trusts or confidences of any lands shall be manifested and proved by some writing, signed by the party who shall declare such trust. It is well settled by reported decisions of the courts of this state, that an express trust of lands can only be evidenced by writing, signed by the party who is alleged to have created such trust. *Whyte* v. *Arthur,* 2 *C. E. Green* 523. There can be no fair pretence that this trust is of that class which is mentioned and protected in the 12th section of the statute. The section last mentioned relates only to trusts which may arise by implication or construction of law. The charges of the bill in this case are, and the complainants have their right to relief upon the alleged fact, that at the time of the conveyance to the defendant Conklin, he promised to execute to Mrs. Marshman a deed or writing in the nature of a declaration of trust, showing her beneficial interest in the property.

There being no such evidence of the alleged trust as required by the statute, the complainants must, on this ground, fail in their suit.

The property in question was the separate property of Mrs. Marshman, and the only consideration of the conveyance to Conklin was a debt of the husband, on bond originally given to Conklin, which he had assigned with a guaranty of payment. This debt Conklin paid according to

agreement, with money raised on his own bond or note, secured by mortgage on the premises conveyed to him. Prior to the conveyance now in dispute, Conklin was the owner of an equal undivided half of the premises, Mrs. Marshman being the owner of the other half. The learned counsel who argued for the complainants, earnestly insisted that sufficient evidence appears in the case to induce the belief that the conveyance had been procured by fraud, imposition, unconscionable advantage, or undue influence.

The answer to this ground for relief is two fold. In the first place, no such issue is made by the pleadings. On the contrary, the bill alleges an express trust, and seeks to have the same carried into execution. We cannot now find the defendant guilty of fraud and imposition, and decree against him on that ground, when no such charge has been made against him. The complainants must recover, if at all, on the case made by their bill. That is the only case the defendant has been called upon or had an opportunity to answer. The rule is aptly stated by Chancellor Williamson, in the case of *Vansciver* v. *Bryan*, 2 *Beas.* 436, thus : " Evidence relative to matters not stated in the pleading, nor fairly within its general allegation, is impertinent, and cannot be made the foundation of a decree." To the same effect are the cases of *Parsons* v. *Heston*, 3 *Stockt.* 156, and *Moores* v. *Moores*, 1 *C. E. Green* 276. In the second place, neither of the complainants in their evidence intimate that they were in anywise imposed on, save in that their confidence in the defendant was misplaced. They may have believed that he would fulfill his promise, and execute the declaration of trust. He failed to do so. Assuming all this to be true, it does not amount to what is meant in law by fraud, imposition, unconscionable advantage, or undue influence. There was no mistake or misrepresentation as to the subject matter, consideration, or form of the conveyance. The complainants probably entertained the mistaken notion that the defendant could be compelled to execute a declaration of trust, in case he should refuse to

do so. This was, at most, but a mistake of law, against which a court of equity cannot grant relief.

Nor can I perceive that the fact that the owner of the property who now sets up the trust is a married woman, varies the case. It is not disputed that the deed was executed and acknowledged in such form as to pass the estate of a *feme covert.* In the case of *Demarest* v. *Wynkoop,* 3 *Johns. Ch.* 144, Chancellor Kent, says: "There is no doubt that a wife may sell or mortgage her separate property for her husband's debts. Her deed, under her separate examination before a competent officer, is as valid with us as if she passed her estate by fine at the common law." I think there can be no question that the same rule prevails in this state. There is a class of cases to the effect that while courts of equity will permit a married woman in many respects, to transact as to her separate property as if a *feme sole,* it requires all such transactions to be fair and open, and free of fraud, imposition, unconscionable advantage, or undue influence. 1 *Story's Eq. Jur.*, § 243; *Dalbiac* v. *Dalbiac,* 16 *Ves.* 125. I am not aware, however, that the doctrine of these cases in anywise affects the questions now before this court.

Mr. Marshman, in one part of his evidence says, that the document or paper which Conklin was to give, was to show that the complainants had a half interest in the sale of the property. If by this he means to say that the conveyance was made upon the consideration that the grantors should receive a certain portion of the proceeds of the sale of the property, and such should turn out to be the truth of the case, it may be that they have an action at law for such share of the proceeds, but I have not been able to find any ground of equity upon which the case, as now presented on the pleadings and proofs, can rest.

The decree below must be affirmed with costs.

The whole court concurred.